IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILL LIETZKE, | ) | |
| Plaintiff, | ) ) ) | 4:16CV3030 |
| V. | ) ) | |
| CITY OF MONTGOMERY, et al., and TODD STRANGE, Mayor, | ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) ) | |

This matter is before the court upon Plaintiff's Motion to Proceed in Forma Pauperis. (Filing No. 4.) Having considered the motion and reviewed the pleadings in this matter, the court finds that this lawsuit should be dismissed for lack of venue.

## I. BACKGROUND

Plaintiff's Complaint alleges claims against the "City of Montgomery" and "Mayor Todd Strange." (Filing No. 1.) Liberally construed, Plaintiff maintains that in 2015, he was detained on several occasions in Montgomery, Alabama based on false reports by unidentified individuals that he was "running in and out of traffic and/or running in the middle of the lanes." (*Id*. at CM/ECF p. 1.) He seeks recovery of $4.0 billion in damages.

Plaintiff has filed a complaint with nearly identical allegations in at least one other jurisdiction. *See Lietzke v. City of Montgomery*, No. 4:16-cv-00006 (D. Mont. 2016).

## II.  DISCUSSION OF CLAIMS

Venue is generally governed by 28 U.S.C. § 1391, which provides, in pertinent part, that a civil action may be brought in (1) a judicial district in which any defendant resides, if all the defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events giving rise to the claim occurred; or (3) any judicial district in which any defendant is subject to the court's personal jurisdiction if there is no district in which an action may otherwise be brought.  Pursuant to 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a). "The decision whether dismissal or transfer is in the interests of justice is committed to the sound discretion of the district court." *Poku v. F.D.I.C.*, 752 F. Supp.2d 23, 26-27 (D.D.C. 2010) (quotation omitted).

Here, Plaintiff alleges that this court has federal question jurisdiction.  (Filing No. 1.)  However, from the face of the Complaint, it is clear that venue is improper in the District of Nebraska.  None of the events described in the Complaint occurred in Nebraska, the Complaint suggests that Defendant Todd Strange resides in Alabama, and Plaintiff resides in Alabama.

Because the court has concluded that venue is improper, the court must either dismiss this case or transfer it to any district or division in which it could have been brought.  28 U.S.C. § 1406(a).  The court finds dismissal without prejudice is the more appropriate action in this case.  An initial review of Plaintiff's Complaint raises serious concerns regarding the merit of Plaintiff's claims.  Further, the court has no reason to believe that Plaintiff's claims are subject to a rapidly-approaching statute of limitations deadline. Also, Plaintiff should have realized prior to filing the Complaint that Nebraska was an improper venue, particularly given the fact that he filed a similar lawsuit in Montana that was transferred to the Middle District of Alabama.  *See Lietzke v. City of Montgomery*, No. 4:16-cv-00006 (D. Mont. 2016).  *See also Weldon*

*v. Ramstad-Hvass*, 512 Fed. Appx. 783, 798 (10th Cir. 2013) (stating that the factors a court should consider in evaluating whether transfer is appropriate are (1) whether the new action would be time-barred; (2) whether Plaintiff's claims have merit; and (3) whether the Plaintiff should have realized the chosen forum was improper). Therefore, Plaintiff's action will be dismissed.

IT IS THEREFORE ORDERED that:

1. This case is dismissed without prejudice to reassertion in the proper forum.

2. Judgment will be entered by separate document.

3. Plaintiff's Motion to Proceed In Forma Pauperis (Filing No. 4) is denied.

DATED this 8th day of April, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge